## MATTER OF SMITH

### In Visa Petition Proceedings

### A-17583656

*Decided by District Director May 17, 1968*

Sixth preference classification as a secretary is accorded the beneficiary of a visa petition filed by an agency which furnishes secretarial, stenographic and other office personnel services to client firms on a temporary basis, since the petitioning agency, which will pay beneficiary directly and has guaranteed her full-time permanent employment for 52 weeks a year with fringe benefits, is the actual employer of the beneficiary and the employment offer is not of a seasonal or temporary nature.

The petitioner is a well-established company which operates two distinct divisions in New York City and in other cities of the United States and the world. One division operates as an employment service in the traditional sense, accepting job offers from employers and making referrals of applicants to those jobs. If the applicant is hired, he becomes the actual employee of the company to whom the referral was made. The other division of the company operates as an agency which furnishes secretarial, stenographic, and other office personnel to client firms which desire the services of such personnel on a full-time but temporary basis. Personnel utilized by this division, however, are considered by the petitioner to be its employees. The petitioner desires to employ the beneficiary as a secretary in this division of the company. In order to establish the beneficiary's eligibility for sixth preference classification the offer of employment must not be "of a temporary or seasonal" nature within the meaning of section 203(a)(6) of the Immigration and Nationality Act, as amended, and the petitioner must qualify as the actual employer of the beneficiary.

The beneficiary completed a two-year full-time secretarial training program at the North-East Essex Technical College, Colchester, England in July 1957. Her program of instruction included typing, stenography, accounting, and general commercial subjects. She has been employed as a secretary by various firms in England since September 1957, and her employers have included a bank, a hospital, a publishing house, and various commercial firms. The beneficiary in-

tends to engage in her occupation in the United States as a secretary having accepted a position with the Brook Street Bureau of Mayfair, Ltd., New York, New York.

The occupation of secretary is on the list of occupations for which the Secretary of Labor has precertified that there is a shortage of employable and willing persons in the United States pursuant to section 212(a) (14) of the Act. The list of precertified occupations applies to all areas of the United States unless a particular area is specifically excepted. New York City is not an excepted area.

The division of the petitioning company that furnishes specialized and general office personnel to client firms on a temporary basis, guarantees to all of its personnel desiring it full-time permanent employment based upon the prevailing 35 to 37½ hour week in New York City. This was determined from supporting documentation submitted with the petition and from an interview of the petitioner's personnel director at this office on May 6, 1968. In the first year of employment the guarantee consists of a contract by the Brook Street Bureau to pay an employee a guaranteed weekly wage based upon the prevailing minimum 35 hour week even though the services of the employee may not be assigned to client firms, but utilized within the offices of the Brook Street Bureau. In the second and succeeding years the petitioner meets the guarantee as a result of the currently prevailing high demand for the services of skilled temporary office personnel. An officer of the petitioning company stated under oath that during her three year tenure with the company, the Brook Street Bureau had never failed to provide full-time employment to those requesting it and that typical assignments range from several days to more than three months.

The beneficiary will be paid directly by the Brook Street Bureau. Client firms are billed by the petitioner for the services provided them. The petitioner is fully responsible for making contributions to the employee's social security, workmen's compensation, and unemployment insurance programs as well as for withholding Federal and State income taxes. The petitioner, furthermore, offers its personnel involved in temporary client services an opportunity to subscribe to a group insurance program and they receive a two week paid vacation upon the completion of 50 weeks of full-time employment.

In view of the fact that the petitioner has guaranteed the beneficiary full-time permanent employment for 52 weeks a year with a two week paid vacation and other fringe benefits and that the beneficiary will be paid directly by the petitioner who is responsible for all payroll deductions and contributions, it is concluded that the petitioner qualifies as the actual employer of the beneficiary within the meaning and requirements of the Immigration and Nationality Act, as amended.

Parenthetically, the division of the petitioner which deals only with the referral of applicants to other employers as an employment agency would not qualify as an actual employer when such applicants are to be directly and permanently employed and paid by other individuals or companies.

It is further concluded that the offer of employment is not "of a seasonal or temporary nature" as required by section 203(a)(6) of the Act, as amended.

ORDER: It is ordered that the sixth preference visa petition filed by the Brook Street Bureau of Mayfair, Ltd. in behalf of Susan Mary Smith be and the same is hereby approved.